IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HABIB BANK, LTD., § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CAUSE NO. 4:13-MC-01700-001 |
| § | |
| FEROZE ALI ABDULLAH. § | |
| § | |
| Respondent. § | |

### HABIB BANK, LTD.'S REPLY TO FEROZE ALI ABDULLAH'S RESPONSE TO HABIB BANK, LTD.'S MOTION TO DISMISS

COMES NOW Habib Bank, Ltd. ("*Habib Bank*") and files this Reply (this "*Reply*") to Feroze Ali Abdullah's ("*Abdullah*") Response to Habib Bank, Ltd.'s Motion to Dismiss (the "*Motion to Dismiss*") regarding respondent[1] Abdullah's Registration of Foreign Judgment ("*Registration*") and Affidavit in Support of Request for Enrollment of Foreign Judgment ("*Affidavit*") and, in support hereof, the Defendant respectfully shows the Court as follows:

### I.
### PRELIMINARY STATEMENT

This Reply is made necessary by Abdullah's misunderstanding of the Federal Rules of Civil Procedure and of the applicable law in this case. Despite Abdullah's attempt to draw a distinction between a new lawsuit and a request for recognition and enforcement of a foreign country judgment, the Federal Rules of Civil Procedure do not provide a separate method for serving the summons and a copy of the pleadings on a defendant based on that distinction alone. Abdullah failed—at a minimum—to follow the Federal Rules of Civil Procedure by personally serving a copy of the summons, Registration, and Affidavit instead of obtaining service through

---

[1] In the Registration, Habib Bank, Ltd. was styled as the petitioner and Abdullah was styled as the respondent. That style is preserved in this case, even though Abdullah seeks recognition and enforcement of the judgment.

a third party, which in this case should have been Pakistan's central authority for service of process. Abdullah also failed to follow the correct procedures under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("**Hague Convention**"). He should have sent the summons and accompanying documents to the Solicitor of the Pakistani Ministry of Law and Justice—which is Pakistan's central authority for service under the Hague Convention—but he failed to do so. For these reasons, his argument that Habib Bank's Motion to Dismiss is time barred is both moot and irrelevant. Finally, he provides no response to Habib Bank's argument and authority in support that the Court cannot exercise personal jurisdiction over Habib Bank or any excuse for his failure to state a claim upon which relief may be granted.

II.
ARGUMENT AND AUTHORITIES

Abdullah's Response to the Motion to Dismiss was filed on February 3, 2014 in the same document as a "Plaintiff Response to Defendant Response to Plaintiff Motion for Default Judgment." The Court denied Abdullah's Motion for Default Judgment on January 14, 2014. Therefore, the Court should only consider the arguments raised in Abdullah's Response to the Motion Dismiss; however, to the extent the Court is inclined to consider Abdullah's untimely arguments, Habib Bank will address them below.

A. **Abdullah's Failure to Comply with the Federal Rules of Civil Procedure Regarding Service of Process Is Not Excused by the Hague Convention**

Abdullah contends that because the Hague Convention does not preclude service by a party, his failure to comply with Rule 4(c) is not relevant. This argument is incorrect. Use of the Hague Convention's *procedures* to deliver service of process is different from *who* may send the documents. Rule 4(c)(2) is not inconsistent with service via the Hague Convention under Rule 4(f)(1). "Rule 4(c) expressly and clearly prohibits a plaintiff from effectuating service on a

defendant." *Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007); *see also Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010) ("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail."); *Stevens v. Hayes*, 2012 WL 2572790, at *5 (W.D. Tex. July 2, 2012) ("Plaintiffs respond that they hired the United States Postal Service to provide service, and thus service was not effected by a party … Plaintiffs' argument is erroneous."). The Hague Convention is merely a method of obtaining service in the defendant's location; it does not govern who may send the summons any more than it governs the form of the summons itself. *See Albo v. Suzuki Motor Corp.*, 2008 WL 2783508, at *2 (W.D. Tex. July 2, 2008); *cf. Otto v. United States*, 2006 WL 2270399, at *2 (D.D.C. July 28, 2006) (explaining that "while Rule 4(i) may govern *how* service may be effected in a suit against the United States, it does not change Rule 4(c)(2)'s requirements governing *who* may effect service").

As Abdullah's returns of service demonstrate, both attempts at serving Habib Bank violate Rule 4(c)(2). Abdullah personally placed the envelopes in the care of Federal Express. In so doing, he could not effect proper service of process. *See Reading*, 506 F. Supp. 2d at 19; *Constien*, 6328 F.3d at 1213; *Stevens*, 2012 WL 2572790, at *5. There is simply no legal basis for holding that a party can serve the summons himself. The policy behind the rule is obvious: the party performing service needs to be neutral and unaffected by the outcome of the litigation in case there are questions concerning service, as there are in this case.

Furthermore, Abdullah's argument that the Hague Convention allows service of process by mail[2] is a flatly inaccurate statement of the law. Article 10(a) of the Hague Convention states

---

[2] Abdullah sent his attempt to serve the summons and accompanying documents via Federal Express and not through "postal channels" (i.e., U.S. mail). *See* Hague Convention, Art. 10(a). Even if service by mail were permitted under the Hague Convention, Abdullah still would not have accomplished sufficient service of process under Rule 4(f). Regardless, service by mail is not permissible.

that the Convention "shall not interfere with – a) the freedom to *send* judicial documents, by postal channels, directly to person abroad." Hague Convention, 20 U.S.T. 362, T.I.A.S. 6638, Art. 10(a) (emphasis added). The use of the word "send" instead of serve is crucial. Throughout the Hague Convention, the words "serve," "service," or "to effect service" appear, but the word "send" appears only in Article 10(a). The Fifth Circuit has clearly stated that "the Hague Convention does not permit service by mail." *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 384 (5th Cir. 2002). The use of the word "send" demonstrates that Article 10(a) "provid[es] a method for sending subsequent documents after service of process has properly been obtained." *Id.* "Service of process through a central authority under articles 2 through 7 and service through diplomatic channels under articles 8 and 9 require that service be effected through official government channels. It is unlikely that the drafters would have put in place these methods of service requiring the direct participation of government officials, while simultaneously permitting the uncertainties of service by mail." *Id.* at 384–85. For these reasons, Abdullah's attempt to effect service on Habib Bank by personally sending a copy of the summons and Affidavit via Federal Express was insufficient as a matter of law. *See id.* Therefore, the Registration should be dismissed for insufficient service of process under Rule 12(b)(5).

> B. **Abdullah's Failure to Properly Serve Habib Bank Moots His Objection to the Timeliness of Habib Bank's Filing**

Abdullah failed to effect proper service by violating both Rule 4(c) and Rule 4(f). This insufficient service of process makes his objection to the timeliness of Habib Bank's filings moot and inappropriate. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. '[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit

asserts jurisdiction over the person of the party served.'" *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (quoting *Miss. Publishing Corp. v. Murphree*, 326 U.S. 438, 444–445 (1946)). "[A] responsive pleading is only required once a defendant has been properly served with the summons and complaint. Because Rule 12 does not provide a specific deadline for asserting it, the insufficiency of service defense is waived if not asserted in a reasonably timely fashion."*Fenner v. John Umstead Hosp.*, 2014 WL 257274, at *3 (M.D.N.C. Jan 23, 2014) (citing *Fed. Home Loan Mortg. Corp. v. Dutch Lane Assocs.*, 775 F.Supp. 133, 136 (S.D.N.Y.1991)). Furthermore, Rule 4(m) requires that "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m).

Even if Abdullah could show that the Court has personal jurisdiction over Habib Bank, which it does not, the Court could not acquire such jurisdiction over Habib Bank until it received proper service of process under Rule 4. Until that time, the deadline for Habib Bank to file a responsive pleading could not begin to run. *See Fenner*, 2014 WL 257274 at *3. Habib Bank's first filing in this case was the Motion to Dismiss, raising as its first issue Abdullah's failure to effect proper service of process. In spite of the extended time period in which to do so, Abdullah has never corrected this error. As he admits in his Response, over 120 days have now passed since he filed the Registration. Therefore, the Court should dismiss the Registration and Affidavit for failure to effect service of process in a timely manner under Rule 4(m).

  **C.  Abdullah Fails to Address Habib Bank's Argument that the Court Lacks Personal Jurisdiction**

Abdullah's only reference to Habib Bank's argument that the Court lacks personal jurisdiction is that the "[i]ssues raised under FRCP 12(b)(2) and 12(b)(5) are not relevant, [sic] to

rules of registration and Enforcement of Foreign Judgment." As Habib Bank explained in its Motion to Dismiss, a number of courts, both federal and state, have held that a defendant must have either minimum contacts or attachable property within the forum state for the Court to grant recognition and enforcement of a foreign country judgment. *E.g.*, *Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 212 (4th Cir. 2002), *cert. denied*, 537 U.S. 822 (2002); *Pure Fishing, Inc. v. Silver Star Co.*, 202 F. Supp. 2d 910 (N.D. Iowa 2002); *Electrolines, Inc. v. Prudential Assurance Co., Ltd.*, 677 N.W.2d 874, 880 (Mich. 2003). The burden to present a prima facie case in support of either of these bases of jurisdiction is on Abdullah. *See Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999).

Abdullah has not alleged any basis for the Court to assert personal jurisdiction over Habib Bank. Furthermore, Habib Bank has negated both bases for asserting personal jurisdiction. The fact that Habib Bank has an office in New York is irrelevant to the Court's ability to hear this case in Texas. Personal jurisdiction of a federal district court is based on the defendant's contacts with the *forum state*, and not with any other state. *Companion Prop.& Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013). Thus, Abdullah has not raised any basis for the Court to assert personal jurisdiction over Habib Bank, and the Court should dismiss this case with prejudice for lack of personal jurisdiction under Rule 12(b)(2).

### D. Abdullah Also Fails to Address Any of Habib Bank's Arguments that He Fails to State a Claim upon Which Relief May Be Granted

Apparently content to rest on his incorrect characterizations of service of process pursuant to Rule 4, neither of Abdullah's Responses address Habib Bank's arguments under Rule 12(b)(6). Local Rule 7.4 states that a "[f]ailure to respond will be taken as a representation of no opposition." LOCAL R. 7.4. Habib Bank respectfully submits that Abdullah's failure to respond to Habib Bank's 12(b)(6) arguments (or even to refer to them) in his Response should be taken as a

representation that Abdullah is not opposed to them. To the extent the Court believes otherwise, Habib Bank respectfully refers the Court to the arguments raised in the Motion to Dismiss regarding Abdullah's failure to state a claim upon which relief can be granted.

## III.
## CONCLUSION

WHEREFORE, for the foregoing reasons, Habib Bank respectfully requests that the Court dismiss Abdullah's request for Recognition of Foreign Judgment for insufficient service of process, for lack of personal jurisdiction, and for failure to state a claim upon which relief can be granted, and for such other relief as the Court deems just and proper.

Dated: February 10, 2014          Respectfully submitted,

                    **BRYAN CAVE LLP**

                    */s/ Keith M. Aurzada*
                    Keith M. Aurzada
                    Attorney-in-charge
                    Texas Bar No. 24009880
                    Southern District Bar No. 24728
                    2200 Ross Avenue, Suite 3300
                    Dallas, TX  75201
                    Telephone:  214.721.8000
                    Facsimile:  214.721.8100
                    Email: keith.aurzada@bryancave.com

                    *- and -*

                    **ALVI & ALLIANCE**

                    */s/ Mumtaz Alvi*
                    Mumtaz Alvi (*pro hac vice*)
                    New York Bar No. 2130714
                    52 St. John's Place
                    Chappaqua, New York 10514
                    Telephone:  (917) 273-4664
                    Facsimile:  (914) 238-6750
                    Email: mumtazhalvi@aol.com

                    COUNSEL FOR
                    HABIB BANK, LTD.

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2014, a true and correct copy of the foregoing was served via certified mail, return receipt requested and via U.S. mail, first class to the following:

Feroze Ali Abdullah (*pro se*)
1602 Wallberry Way
Sugarland, TX 77479
Tel: (832)-339-0019

*/s/ Keith M. Aurzada*
Keith M. Aurzada
