IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **HABIB BANK, LTD.,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. 4:13-MC-01700-001 |
| | § | |
| **FEROZE ALI ABDULLAH** | § | |
| | § | |
| Respondent. | § | |

**HABIB BANK, LTD'S RESPONSE TO FEROZE ALI ABDULLAH'S
MOTION TO RECONSIDER THE COURT'S ORDER OF JANUARY 30, 2014**

COMES NOW Habib Bank, Ltd. ("*Habib Bank*") and files this Response to Feroze Ali Abdullah's Motion to Reconsider (this "*Response*") and, in support hereof, would respectfully show the Court as follows:

**I.
PRELIMINARY STATEMENT**

This Response is a result of Respondent Feroze Ali Abdullah's ("*Abdullah*") *"Request for Review" of Court Order of :30th, January 2014:*, which the Court should characterize as a motion to reconsider (the "*Motion to Reconsider*"). On July 26, 2013, Abdullah filed a Registration of Foreign Judgment ("*Registration*") with the Court. On July 31, 2013, he filed an Affidavit in Support of Request for Enrollment of Foreign Judgment ("*Affidavit*"). Abdullah then proceeded to personally send a copy of the summons and the Affidavit to Habib Bank in Pakistan, ignoring the Hague Convention's procedure for delivery of service of process on parties in foreign jurisdictions. Then, on September 26, 2013, Abdullah filed his *Motion for Default Judgment* seeking to have the case decided in his favor by default under Rule 55 of the Federal Rules of Civil Procedure. On December 26, 2013, Abdullah filed a *Motion for Judgment*

seeking judgment in his favor under Rule 41. On January 21, 2014, Habib Bank responded by filing a motion to dismiss (the "**Motion to Dismiss**") and a response to Abdullah's Motion for Default Judgment. The Court denied both Abdullah's Motion for Default Judgment and Motion for Judgment by an order entered on January 30, 2014 (the "*Court's Order*"). Abdullah filed the Motion to Reconsider on February 5, 2014, asking the Court to reverse the Court's Order and enter default judgment against Habib Bank.

Abdullah's Motion to Reconsider is without legal basis. His failure to properly serve process on Habib Bank in the manner provided by the Federal Rules of Procedure makes default judgment improper, as the Court has already ruled. Habib Bank's duty to file a responsive pleading could not arise until Petitioner effected valid service of process. Therefore, the Court should deny Abdullah's Motion to Reconsider.

## II.

## ARGUMENT AND AUTHORITIES

Motions to reconsider an a court's order are recognized under either Federal Rule of Civil Procedure 59(e) relating to motions "to alter or amend judgment," or under Rule 60(b) as motions for "relief from judgment." *See* FED. R. OF CIV. P. 59(e), 60(b); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 353 (5th Cir. 1993) (analyzing Rule 59(e) under the 10-day period in effect prior to the 2009 amendment to Rule 59). Because Abdullah filed the Motion to Reconsider within 28 days after entry of the Court's Order, the Court should consider it under the standards applicable to Rule 59(e). A judgment may be altered or amended under Rule 59(e) only if "(1) an intervening change in controlling law; (2) the availability of new evidence that was previous not available; or (3) the need to correct a clear error of law or fact or to prevent a

manifest injustice." *Brown v. DFS Servs., LLC*, 719 F. Supp. 2d 785, 788 (S.D. Tex. 2010) (citing *Brown v. Miss. Co-op. Extension Serv.*, 89 Fed. Appx. 437, 437 (5th Cir. 2004)).

Abdullah's Motion to Reconsider satisfies none of the grounds on which the Court may alter or amend the Court's Order. Abdullah points to no intervening change in controlling law, nor to any new evidence that was unknown prior to the Court's decision. Finally, he does not demonstrate a manifest error in the Court's Order—indeed, he does not demonstrate any error at all. As more fully explained in *Habib Bank's Reply to Feroze Ali Abdullah's Response to Habib Bank's Motion to Dismiss*, none of the issues Abdullah raises have any merit. Abdullah failed to effect proper service of process by personally sending a copy of the summons, Registration, and Affidavit in violation of Rule 4(c)(2) and by failing to serve Habib Bank through Pakistan's central authority for service of process under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "**Hague Convention**") as required by Rule 4(f)(1).

Without proper service of process, a district court lacks personal jurisdiction over a defendant. *See Rogers v. Hartford Life and Accident Ins. Co.*, 167 F.3d 933, 940 (5th Cir. 1999). "When a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void." *Id.* There was no effective service of process here. Before a defendant can be required to appear and answer in federal court, "[a] summons must be served with a copy of the complaint." FED. R. CIV. P. 4(b). Furthermore, such service can be made only by a "person who is at least 18 years old and not a party" to the action. FED. R. CIV. P. 4(c)(2) (emphasis added). "Rule 4(c) expressly and clearly prohibits a plaintiff from effectuating service on a defendant." *Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007); *see also Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010) ("Even when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail."); *Stevens*

*v. Hayes*, 2012 WL 2572790, at *5 (W.D. Tex. July 2, 2012) ("Plaintiffs respond that they hired the United States Postal Service to provide service, and thus service was not effected by a party … Plaintiffs' argument is erroneous.").

Service of process was also defective in this case because Abdullah failed to comply with the Hague Convention for service of process on a Pakistan-based entity. As more fully explained in *Habib Bank, Ltd.'s Motion to Dismiss* and *Habib Bank's Reply to Feroze Ali Abdullah's Response to Habib Bank's Motion to Dismiss*, Abdullah did not follow the method of service required by Rule 4(f). Under Rule 4(f), a plaintiff should effectuate service in a foreign country "by any internationally agreed means of service … such as those authorized by the [Hague Convention]." FED. R. CIV. P. 4(f)(1). The United States and Pakistan are both state parties to the Hague Convention. *Gateway Overseas, Inc. v. Nishat (Chunian) Ltd.*, 2006 WL 2015188, at *3 (S.D.N.Y. July 13, 2006). Therefore, service under the Hague Convention was mandatory. *IM Partners v. Debt Direct Ltd.*, 394 F. Supp. 2d 503, 511 (D. Conn. 2005) (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699 (1988)). Despite Abdullah's unsupported protestations to the contrary, the Fifth Circuit has clearly held that service of process by mail is improper under the Hague Convention. *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 384 (5th Cir. 2002).

Abdullah personally placed a copy of the summons and his Affidavit in the care of Federal Express for delivery to Habib Bank in Pakistan. His personal service was insufficient under Rule 4(c)(2). *See Reading*, 506 F. Supp. 2d at 19; *Constien*, 6328 F.3d at 1213; *Stevens*, 2012 WL 2572790, at *5. Furthermore, Abdullah failed to comply with the Hague Convention by choosing not to deliver the summons and other documents to Pakistan's central authority for service under the Hague Convention, as he was required to do under Rule 4(f). *See Gateway*,

2006 WL 2015188, at *3. Sending the documents via mail was not a proper method of service under the Hague Convention. *See Nuovo Pignone, SpA*, 310 F.3d at 384.

For these reasons, the Court's Order denying Abdullah's Motion for Default Judgment was proper, and there is no legal basis for its reversal. *See Anglin*, 2011 WL 2604824 at *1. Abdullah has raised no argument that is sufficient to justify reconsideration of the Court's Order under Rule 59(e). *See id.* The Court should deny Abdullah's Motion to Reconsider because it raises no adequate grounds for relief.

### III.
### CONCLUSION

WHEREFORE, for the foregoing reasons, Habib Bank respectfully requests that the Court that the Court deny Abdullah's Motion to Reconsider and prays for such other relief as the Court deems just and proper.

Dated: February 10, 2014        Respectfully submitted,

**BRYAN CAVE LLP**

    */s/ Keith M. Aurzada*
Keith M. Aurzada
Attorney-in-charge
Texas Bar No. 24009880
Southern District Bar No.
2200 Ross Avenue, Suite 3300
Dallas, TX 75201
Telephone: 214.721.8000
Facsimile: 214.721.8100
Email: keith.aurzada@bryancave.com

- *and* -

**ALVI & ALLIANCE**

    */s/ Mumtaz Alvi*
Mumtaz Alvi (*pro hac vice*)
New York Bar No. 2130714
52 St. John's Place
Chappaqua, New York 10514
Telephone: (917) 273-4664
Facsimile: (914) 238-6750
Email: mumtazhalvi@aol.com

COUNSEL FOR
HABIB BANK, LTD.

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2014, a true and correct copy of the foregoing was served via certified mail, return receipt requested and via U.S. mail, first class to the following:

Feroze Ali Abdullah (*pro se*)
1602 Wallberry Way
Sugarland, TX 77479
Tel: (832)-339-0019

    */s/ Keith M. Aurzada*
Keith M. Aurzada