IN THE UNITED STATES DISTRICT COURT

For the Southern District of TEXAS.

United States District Court
Southern District of Texas
FILED

FEB 2 1 2014

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| FEROZE ALI ABDULLAH | ) | |
| PLAINTIFF (Pro. Se) | ) | |
| VS | ) | CAUSE NO.:D-TXS-4-13-MC-001700 -001 |
| HABIB BANK LIMITED | ) | |
| DEFENDANT | ) | |

*Plaintiff: "Abdullah", Response to Defendant Response, <u>to Plaintiff Motion to Reconsider Court Order of :30th, January 2014:</u>*

**COMES NOW:** FEROZE ALI ABDULLAH (Plaintiff) and files this Reply (this **"Reply)** to "Defendant" **Habib Bank** Response **( Response)** of 10th, February 2014, which response is filed in Respect of Plaintiff Response of 3rd, February 2014: and, in support here of would respectfully show to the court as follows:

I.

**PRELIMINARY STATEMENT:**

This, **Reply** is once again, being made necessary, because of Defendant "Habib Bank " Claim that document of " Summon" has not been properly served on the defendant abroad:

Plaintiff " Abdullah" Claims, that on the contrary documents has Properly been **Served** by a *"Non Party" under* Rules of SERVICE abroad: as

A) **Under Applicable "Texas Law" ( Enforcement of Foreign Judgment).**

Pg 1

> **B)** *Under "Federal Rules of Civil Procedure, Rule 4 (Summons) and 4(f)" Serving an individual in Foreign Country*
>
> **C)** *Under "Hague Convention" (of service Abroad of judicial and Extrajudicial Documents). Article 10 & 10(a)* and
>
> **D)** *Under "Declaration" from recipient "Country" ( Pakistan) having NO objection to Service by Postal Channels directly to the persons concerned.*

On, July 26th, 2013, Plaintiff filed an Authenticated copy of Judgment from the Supreme Court of Pakistan for **Registration and "Enforcement of Foreign Judgment" In the State Texas: (Registration)** (Docket # 1)

On, July 31st, 2013 Plaintiff, filed an Affidavit in support of such Registration and Enforcement of Foreign Judgment ( **Affidavit)** (Docket # 2)

On, July 28, 2013, Court issued **Summon** to Defendant Habib Bank (Docket 3)

**A)** *Under rule 4 (2)(b) of the Federal Rule of Civil Procedure: which states*

(b) **Issuance.** *On or after filing the complaint, the plaintiff may present a Summon to the clerk for Signature and seal.* ***If the Summon is properly completed, the Clerk must Sign, Seal, and*** <u>***issue it to the Plaintiff for service on the Defendant***</u>***:***

**Similar Mode on summons is Defined** Under (when Rules work in Consonance and not in Isolation of each another)

Pg: 2

"*UEFJA*" of Texas: which states; *"Enforcing a foreign Judgment"* can be as Simple as Filing an "Authenticated Copy of the *Judgment*, along with an *Affidavit* Setting forth the name and last known address of the Judgment Debtor and Judgment Creditor with the Clerk of any Texas Court with Jurisdiction. **Notice of the filing must then be "Mailed" to the judgment Debtor by either the clerk of the court OR THE JUDGMENT CREDITOR.** "Clerk given copy of *summon* to the Plaintiff/ Judgment Creditor, to be *MAILED* to the Defendant"..

*Federal Rule 4 (f):* ( SERVING AN INDIVIDUAL IN A FOREIGN COUNTRY) :
(1). By an internationally agreed means of service that is reasonably calculated to give Notice, such as those authorized by the "*Hague Convention*" on the Service Abroad of *Judicial and Extrajudicial Documents*":

"*Hague Convention*": under Article 10; and 10 (a) implies.
Provided the "*State of Destination*" does not object, <u>**the present convention shall not Interfere:**</u> with:
10(a) *the freedom to send Judicial Documents by Postal Channels, directly to the Persons Abroad*"

"*State of Destination*"

Plaintiff has already shown by documentary Evidence "*Declarations.*" from the "*Central Authority designated by Pakistan*": which reads.
"**However it has no objection to such services by postal channels directly to the Persons Concerned**" ( Article 10 (a)) .

Document were served by FEDEX. a *non party,*

Where, Non Party described within the context of Law: "Is one who has NO VESTED interest in the outcome of the Case".

***Proof of Service" executed on 09/02/2013*** is recorded (Docket 4) dated 9/06/2013:

## II

## ARGUMENT AND AUTHORITIES:

*Plaintiff, having proved by **"documentary evidence"**, that service of document to the Defendant by a Non Party has been made: under rules.*

A) ***The, Hague Convention Article 10 & 10 (a)***

B) ***Under the Recipient "Country Code" ( Pakistan)***

C) ***Under Federal rules of Civil Procedure4 (2)(b)( Issuance) and 4(f)(1) Serving an individual in a FOREIGN COUNTRY***

D) ***Under, applicable rule of Texas ( Enforcement of Foreign Judgment)***

*"Default Judgment": is Properly Filed*

A) Under the language and definition stated within the **"Summon"** (Docket #3)

and

B) As per *"Federal Rule 4 (1) (E)"* which States, " ***failure to appear will result In a Default Judgment*** against the Defendant for the *"relief demanded"* in the Complaint.

**" Relief Demanded"**

Plaintiff, has attached with the Complaint and Affidavit ( Docket 1& 2)

Cost as has been detailed in the order of 14/03/2011 from the Banking court, ( Ex. 50).

Also, as has been served on the Defendant/ J.D under Notarized and Attested letter ( Attested by the Consulate of Pakistan in Houston) of 5th, January 2011, ( Ex. "S") ( Ex."M") when Costs related within the Frame work of rule under Banking Company Ordinance of 1997, has not been contested at any stage of proceedings in Pakistan, by the J.D/Defendant/ Habib Bank:

That, issues quoted in the Argument from the Defendant is Misrepresentation of facts, when Federal Rule 4 (f) and (f)(1) and not 4( C) is the proper code of service abroad.

Rule 4 ( C ) (1) has reference in Time Line allowed by **Rule 4(m): when Time line as such in NOT applicable to Rule 4(f)1:** as stated in,

**Rule 4 (m).** states : Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff must dismiss the action without prejudice against that defendant or order that service be made within a specified time, but if a plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. ***This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1)***

Ref:  in 4 ( C) 2 : states **by whom**:  any person who is at least 18 Years old and Not a Party may Serve a Summon and Complaint.

Defendant is called upon strict proof, to define for all practical purpose, if

***"Fedex" is a not a party/ non party or a party:*** and by any chance of this Act from the Non Party actor, makes "Abdullah" a participant in physical Serving of the document as claimed by the Defendant, when "Abdullah" at the time was physically present in Houston.

All that Abdullah do was to **Mail** the Documents, .

"a" under the Directives of Clerk of the Court,

"b" Under the Federal Law,

"c" under Texas Rule.

"d " under the Hague Convention of 1965, and

"e" under the Country Code of Pakistan:

**Mailed Documents.** *(see A-D above)*

***Issue of Personal Jurisdiction:*** as raised by the Defendant, is self serving and made to mislead from the real purpose of the "Enforcement of Foreign Judgment" when such issue are secondary and not to be disclosed at the time of filing of affidavit:

Plaintiff for the satisfaction of the Defendant can only say:

***"Exercising jurisdiction is consistent with the United States Constitution and law.***

Plaintiff; has shown that he has performed under the Rule of law as explained herein above (under A-D above) and in his Response of 3rd, February 2014, (Docket #15)

Defendant in his Motion to Dismiss of 01/21/2014 ( Docket # 12)

Pg 6.

and here again in his Response of 10th, February 2014, has not shown any proof by documentary evidence, instead defendant has presented his pleadings under hypothetical assertions based on Misrepresentation of facts.

When, any party bases his pleading on Misrepresentation:

**Federal Rule 60:** grants ***relief to the to the Opposing Party"***

*Rule 60. Relief from a Judgment or Order: under part (3)*

*(3) fraud (whether previously called intrinsic or extrinsic),misrepresentation, or Misconduct by an opposing party;*

*Prayer*

*Plaintiff*, prays that in the Interest of Justice, Honorable Court may be pleased to review its order of 30th, January 2014, and instead grant the order for Default Judgment ( Docket 5) against the Defendant Habib Bank filed with the Court on 9/26/2013

Respectfully Submitted:

FEROZE ALI ABDULLAH.

1602 Wallberry Way.

Sugarland Tx. 77479

Ph. 832 3390019 :

E mail. Seacom110@gmail.com :

Feroze Ali Abdullah: Plaintiff (Pro. Se)

1602 Wallberry Way.

Sugarland Tx. 77479

E mail; seacom110@gmail.com;

Phone: 832 3390019

5.

## **CERTIFICATE OF SERVICE:**

I, hereby Certify that I have this day of 21st February 2014, a True and Correct Copy of the foregoing is served via Certified Mail, return receipt Requested to the following:

Keith M Aruzada:

Bryan Cave LLP.

2200 Ross Avenue, suit 3300

Dallas TX. 75201.

Feroze Ali Abdullah

02/21/14